UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

|  |  |
|---|---|
| DARYLE KNIGGE,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>AMERAIL SYSTEMS INC., et al.,<br><br>　　　　Defendants. | Case No.  26-cv-01648-VC<br><br>**ORDER GRANTING MOTION TO DISMISS**<br><br>Re: Dkt. No. 9 |

Amerail's motion to dismiss for improper venue is granted. This order assumes the reader's familiarity with the facts of the case, the parties' arguments, and the applicable law.

California is not a proper venue under 28 U.S.C. § 1391(b)(1) because both the named defendants are residents of Pennsylvania. *See* Dearborn Decl. (Dkt No. 9-2) ¶ 2; Schaal Decl. (Dkt. No. 9-3) ¶ 2.

California is also not a proper venue under Section 1391(b)(2) because "a substantial part of the events . . . giving rise to the claim" did not occur in California. Knigge asserts that in analyzing where the events giving rise to his employment discrimination claim took place, the Court must look to the totality of the employment relationship, rather than the location where the alleged misconduct or termination decision occurred. But the better reading of the venue statute is that courts must focus on the events directly relevant to the claim. *See Jenkins Brick Co. v. Bremer*, 321 F.3d 1366, 1371 (11th Cir. 2003) ("Only the events that directly give rise to a claim are relevant."); *Gulf Insurance Co. v. Glasbrenner*, 417 F.3d 353, 357 (2d Cir. 2005) ("[F]or venue to be proper, *significant* events or omissions *material* to the plaintiff's claim must have occurred in the district in question.") (emphasis in original). Although Knigge is a California resident, his job required him to be fully onsite on work sites across the country. His complaint of alleged employment discrimination is based on events that occurred while he was on work sites in Tennessee and Idaho. *See* Dearborn Decl. ¶ 6; Complaint (Dkt. No. 1-3) ¶¶ 17–32. The

only arguably relevant event that occurred in California was Knigge's termination over a call with Amerail's President, who was located in Pennsylvania at the time. Dearborn Decl. ¶ 7. But for a FEHA claim, the relevant location is where the termination decision took place, rather than where the employee happened to be at the time he was informed of the decision. *See English v. General Dynamics Mission Systems, Inc.*, 2019 WL 2619658, at *7 (C.D. Cal. May 8, 2019), *aff'd*, 808 F. App'x 529 (9th Cir. 2020). Although *English* deals with when it is appropriate to apply FEHA extraterritoriality, rather than where venue is proper under the federal venue statute, focusing on the allegedly discriminatory conduct seems appropriate in the venue context as well. And even if the fact that Knigge was in California when he received the formal call terminating him is relevant to the venue analysis, it isn't enough to establish that a substantial part of the relevant events occurred in California, especially given that Knigge appears to have known his employment was ending before the formal termination call. *See* Complaint ¶¶ 29–31.[1]

For these reasons, this case is dismissed without prejudice to refiling in a different forum where venue is proper. The clerk of court is ordered to close the case.

**IT IS SO ORDERED.**

Dated: May 13, 2026

VINCE CHHABRIA
United States District Judge

---

[1] Knigge argues that it is too soon to determine where the events took place because no discovery has been conducted yet. But Knigge's complaint itself directly alleges or strongly suggests that the relevant events occurred in Idaho and Tennessee. *See* Complaint ¶ 21, 30. Moreover, Amerail has submitted a declaration describing the dates and locations of the projects Knigge was overseeing when the incidents alleged in the complaint took place. *See* Dearborn Decl. ¶ 6. In contrast, Knigge's declaration does not present reason to believe he was in California when those incidents took place. *See* Knigge Decl. (Dkt. No. 17-1).